LITTLE
ROCK,
Jan'y 1839

WILSON
vs.
BUSHNELL.

EMZY WILSON *against* LESTER BUSHNELL.

ERROR *to Pulaski Circuit Court.*

It is not necessary to prove actual possession by the plaintiff of the premises at the time the trespasses were alleged to have been committed, to main-tain trespass *q. c. f.*

Upon the general issue in trespass, and a special plea, a general finding for the plaintiff co vers both issues, and is good.

A general verdict is good on two issues, where the finding necessarily shows that the subject matter of both issues was determined by the court.

This was an action of trespass *q. c. f.* brought by *Bushnell* in the court below, for entering upon his close, and cutting trees, splitting them into cord wood, selling and conveying away cord wood, and keeping a woodyard there. The defendant below pleaded two pleas—first, not guilty—second, not guilty as to all the trespasses except carrying away the cord wood, and as to that justifying that he cut and split up the cord wood on the land while it was the public land of the United States; and that after it was sold to the plaintiff below he had entered peaceably, and taken away the cord wood as he lawfully might do.— To the general issue the plaintiff below filed his similiter, and to the special plea he replied *de injuria*, to which the defendant joined issue.

A jury being called to try these issues, after hearing the evidence, the defendant below moved the court to instruct the jury, that in order to entitle the plaintiff to a verdict, he must have been in actual pos-sesssion of the premises at the time the alleged trespasses were com-mitted—which instructions the court refused, and instructed the jury that such proof was unnecessary.

The jury then found for the plaintiff in the general words, " We, the jury, find for the plaintiff," and assessed the damages at eighty dollars.

The defendant then filed his motion in arrest of judgment, because the verdict was not responsive to the issues, which motion was over-ruled.

CUMMINS & PIKE, for plaintiff in error:

The plaintiff in error conceives that the court below erred in refu-

z

LITTLE
ROCK.
Jan'y 1839

WILSON
vs.
BUSHNELL.

sing to give the instruction asked for, and in overruling the motion in arrest.

The rule appears to have been long and well established, that "there must be a possession *in fact* of the real property to which the injury was done, in order to entitle a party to maintain an action of trespass *q. c. f.* A *general property* is not sufficient." *Campbell* vs. *Arnold*, 1 *J. R.* 511; 3 *Lev.* 209." It is settled law that to maintain trespass the plaintiff must be in possession.' Pr. RADCLIFF, *Judge*, in *Dunham* vs. *Stuyvesant*, 11 *J. R.* 569: The action of trespass may be maintained by a person in possession, though he have not the legal title; and though the legal title may come in question, it is not necessary it should. *Harker* vs. *Birbeck*, 3 *Burr*, 1562; *Cary* vs. *Holt*, 2 *Str.* 1238; 2 *Saund. on Pl. & Ev.* 866; *Lambert* vs *Strother*, *Willes*, 221; *Graham* vs. *Peat*, 1 *East*, 244.

The legal owner oftentimes cannot maintain trespass—as when lessee for years, tenant at will or sufferance is in possession under him—and they may maintain it against him. *Saund. on Pl. & Ev.* 866; 1 *East*, 245, *n. a.* 1 *Saund.* 325, *n.* 2; 11 *Mod.* 209; 1 *Bingh.* 158, *s. c. Taunton* vs. *Costar*, 7 *T. R.* 431, *s. p.*

"The party must have *actual* and *lawful* possession of real property to enable him to maintain trespass." *Stuyvesant* vs. *Dunham*, 9 *J. R.* 61;' *Smith* vs. *Milles*, 1 *T. R.* 480; *Taylor* vs. *Townsend*, 8 *Mass.* 411; *Cooke* vs. *Thornton*, 6 *Rand.* 8; *Truss* vs. *Old*, 6 *Rand.* 556. The same rule is broadly laid down in 6 *Bac. Ab.* 566: A plaintiff cannot maintain trespass *q. c. f.* if he have not *actual* possession, though he has the freehold in law. 6 *Com. Dig. Tres. B.* 3; 5 *East.* 485.

A patentee cannot maintain trespass before entry. *Walton* vs. *Clarke*, 4 *Bibb*, 213. See also *Plowd.* 142; *Cro. Jac.* 604; *Carrine* vs. *Westerfield*, 3 *Marsh.* 333.

In the case of *Lutwych* vs. *Milton*, above referred to, *Cro. Jac.* 604, it was resolved by HOBART and MONTAGUE, *Chief Justices*, and TANFIELD, *Ch. Baron*, that an estate for years might absolutely and actually vest in a lessee, as the use, but that he could not have, without entry and actual possession. 2 *Phil. on Ev.* 182.

As to the second point, the general principle with regard to the verdict, where there are several issues, is laid down in the case of *Foster* vs. *Jackson*, *Hobart*, 54 a. and recognized in *Hawks* vs. *Crofton*, 2 *Burr*, 698, and *Porter* vs. *Rummery*, 10 *Mass.* 64. It is this: that when the general issue and special pleas are pleaded, and a verdict is found for

the plaintiff on the general issue only, without regarding the other issues, if it is apparent that the verdict could not have been so found if the special pleas had been supported, the omission is merely matter of form, and no ground for impeaching the verdict.    Thus in *Hawks* vs. *Crofton*, above referred to, the pleas to the action, which was trespass, were *non cul.* and *son assault demesne.*    So also in replevin where the pleas are *non cepit*, and property in a stranger with an avowry for return.    *Thompson* vs. *Button*, 14 *J. R.* 84; because in both these cases a finding on one issue was a finding on the other.

But if there be several issues and a verdict good as to one, but imperfect as to others, a *venire facias de novo* goes as to all.    *Com. Dig. Pleader*, S. 20; *Porter* vs. *Rummery*, 10 *Mass.* 68; where to debt on bond the pleas were *non est factum*, and conditions performed—verdict on the first issue, but nothing said as to the second, the verdict was overruled; *Van Benthuysen* vs. *De Witt*, 4 *J. R.* 213; *Easton* vs. *Collier*, 1 *Missouri Rep.* 422; *Brockway* vs. *Kinney*, 2 *J. R.* 210. In the present case the second issue might well be found for, and the first against the defendant below.. See *Patterson* vs. *United States*, 4 *Cond. Rep.* 98.    If the verdict be defective, and omits finding any thing within the province of the jury to find, no judgment can be given, and there must be a *ven. fac. de novo. Rex* vs. *St. Asaph*, 3 *T. R.* 428 *in notis.* 2 *Cro.* 210.    See 4 *Munf.* 492; 2 *Saund.* 171.

In this case the *quantum* of damages depended almost altogether upon the finding on the second issue; for if the jury found that the defendant did not cut the cord wood before the plaintiff purchased the land of the United States, they were bound to render damages for the whole amount of the wood taken away.    It was therefore of the utmost importance that they should find on each issue, as they were sworn.

FOWLER & BLACKBURN, *contra:*

The defendant in error insists that the instructions given by the court, were upon an abstract point, which the record does not show to have been material to the issue joined.    Testimony applicable to such instructions should have been spread out in the bill of exceptions to show that the said *Wilson* was prejudiced thereby: otherwise such instructions should be treated as a nullity, and disregarded by this court—or, at any rate, construed most favorably to the party obtaining the judgment below, and strongly against the party excepting.

LITTLE
ROCK,
Jan'y 1839
WILSON
*vs.*
BUSHNELL.

In order to entitle *Wilson* to any benefit from such instructions, he should show in his bill of exceptions that *no evidence of actual posses-sion* was given; or if any was given, *what the purport of that evidence was:* otherwise it must be presumed that sufficient evidence of that fact was before the jury, or they would not have found in *Bushnell's* favor. 1 *Bibb Rep.* 371, *White* vs. *Fox.*

Even upon the supposition that no proof of *actual* possession was made by the plaintiff, (which is not admitted here, or shown by the record,) *Bushnell* still contends that the verdict and judgment were legally rendered. It may be true, that by the rigid rules of the old law, as enforced in England, proof of *actual* possession by the plaintiff was necessary; but such doctrine, it is contended, has been deviated from in modern decisions, particularly those made in America, as being unfounded in reason, and wholly inapplicable to the condition of the wild lands in our country. And the action of trespass may now be sustained by the owner of wild lands, of which he has not *actual* possession. And in the case before the court, the plaintiff's title to the land in question is not controverted by the defendant's plea; consequently the *title* is admitted: and under the state of the pleadings no such proof of *actual* possession was necessary. This doctrine is fully sustained by the Statute law of Arkansas, which subjects every person to an action of trespass, who cuts down, injures, destroys, or carries away, any tree or trees, &c. or any timber, wood, or underwood, standing, laying, or growing " *on the land of any other person,*" &c.— See *Pope, Steele. & McCamp. Dig. p.* 547, 548, *sec.* 12.* Therefore the title, not being controverted by the plea, it is admitted that said trespasses were committed on said *Bushnell's land*, which, under the Statute, is sufficient to justify the instructions and judgment of the court below. And if proof of *actual* possession were necessary prior to the passage of this Statute, it is not so now—proof of *ownership* being all that is necessary under the Statute.

The verdict was amply sufficient to authorize a judgment, and was responsive to the issue, even under the technical decisions of the common law courts of England. It is not necessary that a jury should find upon each issue separately; a general finding is sufficient. The finding in this case was general for the plaintiff, as shown by the record. And even if not *technically in form,* it is in *substance* clearly

---

* Revised Statutes Ark. p. 246, Sec. 19; 11 J. R. 385, 3 J, R. 270, 15 J. R. 117.

sufficient; and it was the duty of the court below, and the province of this court, to collect the *meaning* of the jury, and render judgment accordingly.   Verdicts are not to be taken *strictly*, or scrutinized *strictly*, as pleadings are; but, on the other hand, must be construed *liber- ally*, and effect given to them, where their meaning can be ascertained.  Vide 1 *Bibb R'p.* 247 *et seq.* 251, *Worford* vs. *Isbel*; 337, *Hatcher* vs. *Fowler*; 2 *Burr R'p.* 693, *Hawks* vs. *Crofton*; *Hobart*, 54; *Cro. Eliz.* 854; 2 *Bibb Rep.* 428; 2 *Bibb Rep.* 257, *Crozier* vs. *Gano & wife.*

The court did not err in overruling *Wilson's* motion in arrest of judgment.

See 2 *Haywood's Rep.* 402; *Stark. Ev.* 1437, *n.* 1; *Saund. on Pl. & Ev.* 866; 1 *Burr Rep.* 383; 1 *J. J. Marsh.* 314 *et seq*; *Gould's Ed. of Esp. N. P. vol.* 1, *p.* 384.

The owner of wild land is so in possession as to maintain trespass until an adverse possession is clearly made out.   *Mathew* vs. *Trinity Church*, 3 S. & R. 531; *Stambaugh* vs. *Hollabaugh*, 10 S. & R. 357; *Gambling* vs. *Prince*, 2 *Nott & McC.* 138; 2 *Wh. Selwyn*, 483, *N. C.*

LACY, *Judge*, delivered the opinion of the court:

This case comes up on a writ of error sued out to the Pulaski Circuit Court.   The plaintiff in the court below brought an action of trespass quare clausum fregit against the defendant for entering his close, cutting down his trees, splitting them into cord wood, selling and carrying away the same, and keeping a woodyard on the premises described in the declaration.

The declaration contains two counts, and though somewhat inaccurately and informally drawn, is deemed nevertheless to be substantially correct.   The defendant filed two pleas in bar of the action.— The first was a plea of the general issue, and the second, a special plea of not guilty to all the trespasses alleged to have been committed in the declaration, except that of carrying away the cord wood, and as to that, justifying that he cut and split the cord wood on the land while it was a part of the public domain of the United States; and that after it was sold to the plaintiff, he had specially entered and taken it away as of right he might lawfully do.   The plaintiff took issue on the general plea of not guilty; and to the second plea he put in a demurrer, and the demurrer after argument was overruled and the plea adjudged sufficient.   Whereupon the plaintiff replied generally, and the defendant joined issue.   The parties then proceeded to trial

upon the issues thus found, and after hearing the evidence, the jury found for the plaintiff, and assessed his damages at eighty dollars.— Thereupon judgment was entered up for the plaintiff, and the defendant then moved the court to arrest the judgment, which motion was overruled, and to the opinion thus given he excepted, and placed his bill of exceptions upon the record. During the progress of the trial, the defendant moved the court to instruct the jury, that in order to entitle the plaintiff to a verdict, he must have been in actual possession of the premises at the time the trespasses were alleged to have been committed, which instructions the court refused to give, but instructed the jury that such proof was not necessary to enable the plaintiff to maintain his action. To this decision of the court the defendant also excepted, and filed his bill of exceptions, which was regularly signed by the judge and made a part of the record. The assignment of errors questions the correctness of the decision of the court below upon the grounds—1st, in giving to the jury improper instructions; 2nd, in pronouncing judgment on an invalid verdict; 3rd, in not arresting the judgment on the defendant's motion. These questions we will now severally examine in the order they are presented. The instruction given to the jury is, that it is not necessary for the plaintiff to prove actual possession of the premises at the time the trespasses are alleged to have been committed in order to enable him to maintain his action. The doctrine in relation to this subject has been fully examined during the present term, in the case of *Ledbetter* vs. *Fitzgerald*, and the rule as there laid down is considered perfectly correct, and entirely applicable to the case now under consideration. It is true that by the common law actual possession or constructive possession by operation of law as by conveyances under the Statute of uses, was necessary to be proved to maintain trespass; for before entry and actual possession, one could not maintain an action of trespass, though he had the freehold in law. 3 *Black. Com.* 211, 12; 2 *Saunders on Pleading*, 868; 1 *Saund. Rep.* 322; 2 *T. R.* 13; 8 *East.* 109; *Bacon's Abrid. title C.* 3. But the doctrine is now wholly exploded by the courts of our own country, for as an actual entry into wild and uncultivated land would give no notoriety to the possession or the change of property, it is declared to be an impracticable and an utterly useless thing; and of course a plaintiff may maintain trespass in such cases without actual possession of the premises—without ever having made an entry upon the land. For not to give him such a right would be to expose his

LITTLE
ROCK,
Jan'y 1839

WILSON
vs.
BUSHNELL,

possession to serious and destructive injury without any adequate remedy or redress. For if he is seized by a lawful estate of inheritance or in fee, the law presumes that he is rightfully in possession to the extent of his boundary, and his seizin is not confined to his mere occupancy, or actual cultivation; but if he enters without title, he is then confined by metes and bounds strictly to his actual possession.

It necessarily results from the position that a party may maintain trespass upon a mere constructive or legal possession, without ever having been actually in the possession of the premises, and as the title of the plaintiff is shown and admitted by the plea, that therefore it was unnecessary to adduce any evidence of it. The opinion of the court was therefore correct in the instructions given to the jury on this point.

Upon the second assignment of error, it is contended that the verdict is not responsive to the issues joined, and of course no valid judgment can be rendered in the case. The record shows that the jury were sworn to try the issues joined, and that they find for the plaintiff, and assess the damages by him sustained at the sum of eighty dollars. This finding evidently covers both issues, for they were sworn to try the issues made up by the pleadings; and the response is, they find for the plaintiff. A general verdict is held to be good on two issue, where the finding necessarily shows that the subject matter of both issues was determined by the verdict; and so it was ruled in the case of *Login* vs. *Elder*, 1st *Burrow*, 383; 1st *J. J. Marshall*, 314, 16, *Bates* vs. *Lewis*. And in the case of *Dyer* vs. *Hatch*, decided during the present term, the doctrine, as laid down in the cases above cited, is enforced and illustrated; and the case now under consideration clearly falls within the principle, and reason of the rule there stated. The verdict in this case is unquestionably good, for it finds the facts put in issue by the parties in such a manner that a valid judgment can be pronounced in the case. It is, therefore, believed there is no error in the assignment which questions the sufficiency of the verdict. The decision of the two first assignments necessarily disposes of the defendant's motion to arrest the judgment; for if the instructions given to the jury were correct, and the verdict sufficient, it is clear that there is no ground for arresting the judgment; for there are no other errors apparent upon the record as put in issue by the pleadings. The judgment of the court below must, therefore, be affirmed with costs.